UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

HECTOR I. MOLINA,

        Defendant.

_____/

Case No. 17-cr-20512
Hon. Matthew F. Leitman

# PRELIMINARY ORDER OF FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 924(d), and based upon: Defendant Hector I. Molina's Plea Agreement and guilty plea to Count One, Possession of a Firearm by Felon in violation of 18 U.S.C. § 922(g)(1); the Government's Application for Entry of Preliminary Order of Forfeiture; and other information in the record, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. Any and all interest of Defendant Hector I. Molina in: Phoenix Arms Company, Model Raven, .25 caliber, semi-automatic pistol, serial number 3219881; six (6) rounds of .25 caliber ammunition; and 44 rounds of .40 caliber ammunition (together, "Subject Property"), IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant

Hector I. Molina, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED.

2. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the subject property, other than Defendant Hector I. Molina, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

3. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4. Pursuant to Fed. R. Crim. P. 32.2(c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry and shall be made part of the sentence and included in the judgment.

5. If no third party files a timely claim before the expiration of the period provided in 21 U.S.C. § 853(n)(2), this Order shall become the Final Order of Forfeiture as provided under Fed. R. Crim. P. 32.2(c)(2) and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

6. Following the Court's disposition of any petitions for ancillary hearing, and upon proof of publication and notice to any persons known to have alleged an interest in the subject property, the United States shall have clear title to the property

and shall be authorized through the Federal Bureau of Investigation to dispose of the forfeited assets as prescribed by law.

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764